Cite as: 607 U. S. \_\_\_\_ (2025)          1

# SUPREME COURT OF THE UNITED STATES

## JOHN DOE *v.* DYNAMIC PHYSICAL THERAPY, LLC, ET AL.

### ON PETITION FOR WRIT OF CERTIORARI TO THE COURT OF APPEAL OF LOUISIANA, FIRST CIRCUIT

No. 25–180.   Decided December 8, 2025

PER CURIAM.

Louisiana immunizes healthcare providers from civil liability during public health emergencies. La. Rev. Stat. Ann. §29:771(B)(2)(c)(i) (West 2022). Below, the Louisiana Court of Appeal held that this state statute barred plaintiff's federal claims. 2024–0723, pp. 11–12 (1 Cir. 12/27/24), 404 So. 3d 1008, 1017–1018, writ denied, 2025–00105 (La. 4/29/25), 407 So. 3d 623. That decision is incorrect. Defining the scope of liability under state law is the State's prerogative. But a State has no power to confer immunity from *federal* causes of action. See, *e.g.*, *Howlett* v. *Rose*, 496 U. S. 356, 383 (1990); *Haywood* v. *Drown*, 556 U. S. 729, 740 (2009); *Williams* v. *Reed*, 604 U. S. 168, 174 (2025). "[T]he Judges in every State" are bound to follow federal law, "any Thing in the Constitution or Laws of any state to the Contrary notwithstanding." U. S. Const., Art. VI, cl. 2.

Plaintiff's federal claims may well fail on other federal grounds. Cf. *Cummings* v. *Premier Rehab Keller*, 596 U. S. 212, 222 (2022). But that is for the Louisiana courts to decide in the first instance. The petition for certiorari is granted, the judgment of the Louisiana Court of Appeal is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

*It is so ordered.*